NH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lorena W. Dominguez De Rangel,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No.    CV-26-00802-PHX-DWL (DMF)

**ORDER**

Self-represented Petitioner Lorena W. Dominguez De Rangel, who is confined in the Eloy Detention Center, filed this action under 28 U.S.C. § 2241 challenging her immigration detention and paid the filing fee.  Petitioner also filed an Emergency Motion for Expedited Handling (Doc. 2).

The Court will deny the Emergency Motion for Expedited Hearing without prejudice and direct Respondents to respond to the Petition in part.

**I.      Petition**

As alleged, Petitioner is a citizen of Honduras who entered the United States on May 31, 1993.  (Doc. 1 ¶ 11.)  Petitioner was convicted of fraud in 2009 and was also convicted on unspecified dates of being an accessory to attempted murder and for driving under the influence.  (*Id.* ¶ 14.)

Despite those convictions, Petitioner obtained status as a legal permanent resident ("LPR") and maintained that status as of April 24, 2025.  (*Id.* ¶ 12.)  On that date, Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") in Houston,

Texas after returning from a trip abroad.  (*Id.* ¶ 1, 12.)[1]  The following day, she was transferred to the Eloy Detention Center, where she remains in custody.  (*Id.* ¶ 1.)

During a June 2025 custody determination hearing, an Immigration Judge denied Petitioner's request for bond because she was deemed an "applicant for admission."  (*Id.* ¶ 11.)  Notably, Petitioner does not dispute that, as an arriving alien, she was subject to mandatory detention under 8 U.S.C. § 1225(b).  (*Id.* ¶ 15.)

On August 18, 2025, Petitioner was ordered removed and she timely appealed the decision to the Board of Immigration Appeals.  (*Id.* ¶ 13.)  Her appeal remains pending. (*Id.*)

Petitioner claims that her detention is unreasonably prolonged and she is entitled to due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Petitioner seeks an individualized bond hearing.

## II.     Failure to State a Claim

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, continued detention is mandatory.  8 U.S.C. § 1231(a)(2).  After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision.  8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable."  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed."  *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Petitioner alleges that on August 18, 2025, an Immigration Judge ordered her removed, that she timely appealed the decision to the Board of Immigration Appeals, and that her appeal remains pending.  Because Petitioner does not have a final order of removal,

---

[1]     Elsewhere, Petitioner identifies the detention date as April 30, 2025.  (Doc. 1 ¶ 6.)

she has failed to show that she is entitled to relief under *Zadvydas*.  *See* 8 C.F.R. § 1241.1 (stating in part that an order of removal "shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals; . . .[u]pon waiver of the appeal by the respondent; [or u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.").  Accordingly, her *Zadvydas* claim will be dismissed.

**III.    Claims for Which a Response Will be Required**

Petitioner also that alleges her detention has become prolonged and she is entitled to a bond hearing. (Doc. 1 ¶ 22.)  Petitioner further alleges she entered the United States on April 24, 2025 as an LPR, which may have entitled her to additional due process protection.  (*Id.* ¶ 12.)  Respondents will be required to answer these claims.  *Rodriguez v. Robbins*, 715 F.3d 1127, 1142-43 (9th Cir. 2013) ("[W]e must construe § 1225(b) to avoid potential constitutional concerns raised by its application to LPRs who enjoy due process protection.").

**IV.    Emergency Motion for Expedited Handling**

In her Motion, Petitioner requests expedited consideration of her Petition (Doc. 2). Because the Court is ordering a response to a portion of the Petition, the Court will deny the motion as moot.

**IT IS ORDERED:**

(1)    Petitioner's *Zadvydas v. Davis* claim is **dismissed without prejudice**.

(2)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3)    Respondents must answer the Petition within **20 days** of the date of service. Respondents shall not file a dispositive motion in place of an answer without first showing

cause as to why an answer is inadequate.

(4)    Petitioner may file a reply within **14 days** from the date of service of the answer.

Dated this 13th day of February, 2026.

Dominic W. Lanza
United States District Judge